NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO TRUJILLO-ALAS, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 14-71156 Agency No. A087-996-266 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**
San Francisco, California

Before: HAWKINS and TALLMAN, Circuit Judges, and JACK,*** District Judge.

Julio Trujillo–Alas ("Trujillo"), a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

from an immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We review questions of law *de novo* and review the BIA's factual findings for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's denial of asylum and withholding of removal. For those claims to succeed, Trujillo was required to establish membership in a particular social group that "is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Trujillo claims membership in a particular social group of "young males from El Salvador who have been subject to persecution after refusing to join a gang and are subject to ongoing persecution" and a group of "male students attending school in El Salvador who oppose gang activity and have resisted gang recruitment[.]" However, we have previously held that the refusal to join a gang does not constitute membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (young men in Guatemala who resist gang

2

recruitment do not constitute a particular social group); *Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that young men in El Salvador resisting gang violence do not constitute a particular social group), *abrogated on other grounds by Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Additionally, Trujillo presented no evidence that either one of his proposed social groups are perceived by Salvadoran society as a distinct social group.[1] *See Henriquez–Rivas*, 707 F.3d at 1088–91.

2. Even assuming Trujillo's proposed social groups are cognizable, he also failed to establish that the gang targeted him because of a protected ground. An asylum applicant must "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). Trujillo testified that gang members threatened to kill him because he told them he did not want to put his life at risk by joining the gang. However, there was no evidence that the threats were based on anything other than his refusal to join the gang. Further, there was no evidence that Trujillo spoke out or took any action against

---

[1] Trujillo argues the BIA failed to conduct an individualized analysis of his proposed social groups. *See Pirir–Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014). But the record belies that argument; instead, it shows the BIA properly considered the evidence and determined it was insufficient to show that "young males or male students who oppose gang activity or who have resisted gang recruitment are perceived, considered, or recognized by Salvadoran society to be a particular group."

3

the gang other than refusing to join.[2] *See, e.g.*, *Barrios*, 581 F.3d at 856 (rejecting argument alien was persecuted on account of a political opinion where he alleged no facts in support of a political opinion beyond his refusal to join the gang). Therefore, substantial evidence supports the BIA's determination that Trujillo did not demonstrate that his membership in the proposed groups was a central reason for his persecution.

The BIA reasoned that Trujillo's claim for withholding of removal failed because his asylum claim failed. That reasoning is inconsistent with *Barajas–Romero v. Lynch*, where we held that the "a reason" standard applicable to withholding claims is "less demanding" than the "one central reason" standard applicable to asylum claims. 846 F.3d 351, 360 (9th Cir. 2017). However, for the reasons stated above, substantial evidence supports the BIA's finding that Trujillo did not establish the requisite nexus for his withholding of removal claim. Although the BIA decided this case before *Barajas-Romero*, we need not remand because the outcome would be the same under either standard.

3. Lastly, substantial evidence supports the BIA's finding that Trujillo was not entitled to CAT relief. To qualify for CAT relief, a petitioner must establish

---

[2]    Trujillo argues the BIA erred by not addressing his argument that his opposition to the gang rose to the level of a political opinion. But the BIA properly determined that even assuming his alleged anti-gang stance rose to the level of a political opinion, Trujillo did not "demonstrat[e] he was persecuted or has a well-founded fear of persecution on account of his actual or implied political opinion."

4

that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Denial of CAT relief is reviewed for substantial evidence. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (citing *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003)). Trujillo failed to present any evidence that he would be tortured upon his return to El Salvador, *Ornelas-Chavez v. Gonzalez*, 458 F.3d 1052, 1059 (9th Cir. 2006); *see* 8 C.F.R. § 208.18(a)(1), or that the El Salvadoran government acquiesced in any alleged torture. *See* 8 C.F.R. § 208.18(a); *Garcia–Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime. Instead, there must be evidence that the police are unable or unwilling to oppose the crime."); *Barajas–Romero*, 846 F.3d at 363 ("CAT relief is unavailable, despite a likelihood of torture, without evidence that the police are unwilling or unable to oppose the crime, not just that they are unable to solve it[.]") (citation omitted). Although on one occasion he reported threats from the gang to the police, who failed to investigate, "general ineffectiveness on the government's part to investigate and prevent crime [does] not suffice to show acquiescence." *Andrade–Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016). Therefore, the BIA properly found that Trujillo did not qualify for CAT relief.

**PETITION DENIED.**

5